**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**RICHARD MOORE, PRO SE**                                        **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO.: 3:21-cv-158-DMB-JMV**

**UNION COUNTY, et al.**                                         **DEFENDANTS**

## ORDER DENYING MOTION TO STAY

This matter is before the court on Defendants' Motion to Stay [45]. Upon due consideration of the motion, the court finds the motion is not well taken and should be denied.

In the motion, Defendants argue that the case should be stayed pursuant to Local Uniform Civil Rule 16. Local Uniform Civil Rule 16 provides that:

> Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, . . . At the time the motion to compel arbitration or the motion asserting an immunity defense or jurisdictional defense is filed, the moving party must submit to the magistrate judge a proposed order granting the stay.

L.U. Civ. R. 16(b)(3)(B)-(C).

On or about December 28, 2021, Defendants filed a Motion for Judgment on the Pleadings [15]. In the memorandum in support of said motion, Defendants argue that "Plaintiff is not entitled to relief against Union County, Mississippi, Sheriff Jimmy Edwards, Avery Adair, Blake Smith, and Keith Roberts because (1) the statute of limitations has expired on many of the alleged claims; (2) Plaintiff has failed to sufficiently plead Movant's were involved in any constitutional violations; and (3) even had Plaintiff sufficiently plead a constitutional violation, he has not attributed the same to any Union County policy, practice and/or custom." *See* [16] at 5. It does not appear that a proposed order granting the stay was submitted to the magistrate judge at the time the motion for judgment on the pleadings was filed.

On January 6, 2022, the undersigned held a case management conference [18], and a Case Management Order [19] setting deadlines was entered the following day. Further, the record reveals that the parties have completed the initial disclosure requirements. *See* [11], [12], [17], and [23]. Most of the deadlines set by the Case Management Order have already passed, with the only remaining deadlines being the discovery deadline of July 6, 2022, Daubert motions deadline of August 8, 2022,[1] and the dispositive motions deadline of September 8, 2022.

On May 26, 2022, the Defendants filed the instant motion [45] seeking a stay of the case. Defendants argue that the pending motion for judgment on the pleadings [15] sets forth grounds for dismissal on the basis of jurisdiction and qualified immunity. Defendants also argue that they should not be required to participate in any discovery pending a ruling on the motion, despite the fact that only a few weeks of the discovery period remain. The *pro se* Plaintiff responded in opposition [46] to the motion.

Having reviewed the same, the undersigned finds that it is unclear that based upon the arguments raised in the motion for judgment on the pleadings [15], a qualified immunity or jurisdictional basis for staying the case exists. Should the Defendants desire to refile the motion asserting an alternate basis for a stay of the case, they may do so. Further, should either party seek an extension of the remaining deadlines, they are directed to file a motion requesting such relief.

THEREFORE, the Defendants' Motion to Stay [45] is hereby DENIED without prejudice.

**SO ORDERED**, this the 21st day of June, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that the docket for this case does not reflect that any party has designated an expert, and the deadline for doing so has passed.