IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD MOORE**                                                                          **PLAINTIFF**

**V.**                                                   **NO. 3:21-CV-158-DMB-JMV**

**UNION COUNTY, MISSISSIPPI,**
**et al.**                                                     **DEFENDANTS**

**ORDER**

Union County and its officials have moved for judgment on the pleadings on all claims in Richard Moore's pro se complaint alleging they violated his constitutional rights through use of a "policing program." Because Moore's failure to file a substantive response to the motion amounts to an abandonment of his claims, dismissal of the claims is proper.

**I**
**Procedural History**

On July 16, 2021, Richard Moore filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Union County, Mississippi; Jimmy Edwards, in his official capacity as Union County Sheriff; Avery Adair and Blake Smith, in their official capacities as deputy sheriffs; Keith Roberts, in his official capacity as fire chief of Alpine Volunteer Fire Department; and Courtland Tanner Vaughn. Doc. #1. Though the basis of his claims is not entirely clear, Moore "sues under the First, Fourth, and Fourteenth Amendments" as well as under multiple statutes, and seeks declaratory and injunctive relief along with compensatory damages related to the Union County Sheriff's Office's use of an "Intelligent-Led Policing Program" or "Community Policing." *Id.* at PageID 2–3, 8. The County, Edwards, Adair, Smith, and Roberts (collectively, "County Defendants") filed an answer on December 1, 2021. Doc. #8. Vaughn was served, *see* Doc. #37, but has not appeared in this case.

On December 28, 2021, the County Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).[1] Doc. #15. Moore filed a response to the motion, Doc. #24;[2] and the County Defendants replied, Doc. #25.[3]

## II
## Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." "The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "To withstand a motion to dismiss, a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements of a cause of action will not do. It must state a plausible claim for relief, rather than facts merely consistent with liability." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (cleaned up). A court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But "conclusory allegations, unwarranted factual inferences, or legal conclusions" are not accepted as true. *Id.* "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021) (alteration omitted).

---

[1] The County Defendants initially filed the motion on December 27, 2021, *see* Doc. #13, but because the motion exceeded four pages and contained legal argument and citations in violation of the Local Rules, the Clerk instructed them to refile the motion.

[2] Moore's response is untimely. *See* L.U. Civ. R. 7(b)(4).

[3] Moore requested an entry of default against Vaughn on May 2, 2021. Doc. #42. The Clerk of Court entered default against Vaughn later the same day. Doc. #43. A week later, Moore moved for a default judgment against Vaughn, Doc. #44, which will be addressed by separate order.

### III
### Factual Allegations

The Union County Sheriff's Department "has adopted and uses as it [sic] custom an 'Intelligent-Led Policing Program,' aka 'Community Policing.'" Doc. #1 at 3. Under this "policy," the Sheriff's Department "compile[s] a list of individuals who, it believes, are likely to commit crimes in the future" and "then subjects these individuals … to 'relentless pursuit, arrest, harassment, torture and prosecution.'" Doc. #1 at 3. Moore was a "target" under this policy. *Id.*

Without specifying dates of occurrence, Moore alleges that the Sheriff's Department broke into his residence, stole his property, tampered with and destroyed his vehicle, hacked into his electronic devices and social media account, stole his mail, introduced drugs and toxins into his food, sexually assaulted him, and made phone calls to interfere with his family and employment, among other things. *Id.* at 3, 7–8. Moore does reference three specific events. He claims that (1) on June 6, 2021, "Courtland Vaughn and another contractor only know [sic] as Jimmy, came to [his] house. [Moore] was heavily drugged and rendered catatonic. Prior to being drugged, Courtland Vaughn stated:[ ']Sheriff Edwards isn't happy;'" (2) on July 7, 2021, he and Dr. Astra Stanwyck "were threatened … by a 'community contractor' brandishing a firearm" and the Sheriff's Department ignored his complaint about the threat; and (3) four days later, he and Stanwyck were threatened by "[a] mob of community contractor's along with multiple [Sheriff's Department] deputies, and Fire Chief" and though "[t]hree attempts were made [by Moore] to file a criminal complaint all three [were] denied." *Id.* at 4, 5.

### IV
### Analysis

Moore alleges violations of his First, Fourth, and Fourteenth Amendment rights, as well as multiple statutes, based on the community policing program/policy. The County Defendants argue

that because the County is named as a defendant, "the official capacity claims [against Edwards, Adair, Smith, and Roberts] are duplicative" and should be dismissed. Doc. #16 at 5. Additionally, they argue Moore is not entitled to relief "because (1) the statute of limitations has expired on many of the alleged claims; (2) [Moore] has failed to sufficiently plead [they] were involved in any constitutional violations; and (3) even had [Moore] sufficiently plead a constitutional violation, he has not attributed the same to any Union County policy, practice and/or custom." *Id.*

The substance of Moore's response states in its entirety:

> Comes now Richard Moore plaintiff to answer the Motion for Judgment on the Pleadings. Plaintiff is not an attorney, nor can plaintiff afford an attorney. The plaintiff has requested assistance of counsel and that has not been granted.
>
> Plaintiff asserts that the claims are not vague nor unknown to the defendants. Plaintiff was and continues to be victimized by the defendant's community oriented policing Program.
>
> The record is clear of the arrest and complaints made by plaintiff to Union County Sheriff's department. Multiple complaints involving the same people go unanswered.
>
> Discovery in this matter will produce a much different picture than the initial Disclosure. At trial, the court will get a truly clear picture of willful and reckless violations of the plaintiffs Civil and Constitutional rights. It is also noticeably clear that the attorneys for the defendants have and will continue to do whatever is necessary to prevent plaintiff from "his day in court."
>
> Plaintiff is under an extreme amount of stress due to continuous criminal behavior from the defendants and their community policing State Actors. Plaintiff feels that immediate injunctive relief be granted. Plaintiff has made noticeably clear the violations and more of the same continues to the present.
>
> Therefore, Plaintiff ask the court to allow the plaintiff to argue this case in court rather than through various pleadings. Plaintiff[] request the Motion for Judgment in the Pleadings be DENIED.

Doc. #24 at 1–2. The County Defendants reply that because Moore's response does not specifically address the arguments they raised in their motion, it amounts to an abandonment of each of his claims. Doc. #25 at 2.

4

### A. Hearing

Although in his response Moore asks "to argue this case in court,"[4] Local Uniform Civil Rule 7(b)(6)(A) provides that "[t]he court will decide motions without a hearing or oral argument unless otherwise ordered by the court on its own motion or, in its discretion, upon written request … on the face of the motion or response." Given that Moore does not provide any argument as to why a hearing or oral argument is necessary,[5] the Court declines to grant his request for a hearing and will decide the motion based on the papers submitted.

### B. Abandonment

Moore's response wholly fails to address the County Defendants' arguments that the official capacity claims are duplicative of the claims against the County, that the statute of limitations has expired, and that he failed to plead sufficient facts to show a constitutional violation attributed to a County policy or custom. As the County Defendants correctly argue,[6] "[a] plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims." *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022). This rule applies equally to pro se plaintiffs. *See Bedford v. Tex. Dep't of Trans.*, 810 F. App'x 264, 268 (5th Cir. 2020) (affirming dismissal of pro se plaintiff's claim where he "failed to respond to [defendant's] motion for summary judgment on the claim"). Accordingly, dismissal of these abandoned claims is proper.[7]

---

[4] Doc. #24 at 2.

[5] To the extent Moore's reference to discovery indicates a desire to present evidence in relation to the motion, he makes no argument why evidence is required at this stage in the case—where the allegations of the complaint are taken as true.

[6] Doc. #25 at 2.

[7] Even if Moore had not abandoned his claims, his official capacity claims are properly dismissed because they are duplicative of the claims against the County. *Thomas v. City of Galveston*, 800 F. Supp. 2d 826, 832 (S.D. Tex. 2011) ("The Fifth Circuit has held that it is appropriate to dismiss claims against officers in their official capacities when the allegations duplicate claims against the respective governmental entities themselves.") (internal quotation marks omitted). And while Moore alleges that the County adopted a community policing policy, he does not allege any

# V
# Conclusion

Moore's abandoned claims against the County, Edwards, Adair, Smith, and Roberts are **DISMISSED without prejudice**.[8] The County Defendants' motion for judgment on the pleadings [15] is **DENIED as moot**.

**SO ORDERED**, this 14th day of July, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

specific facts linking that policy to the events he claims occurred. *See Batiste v. Theriot*, 458 F. App'x 351, 358 (5th Cir. 2012) ("Plaintiffs … arguing that a custom or policy was responsible for [a] constitutional violation … must show that such a policy was the moving force behind the constitutional violation at issue, or that [their] injuries resulted from the policy. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.") (cleaned up) (quoting *Spiller v. City of Tex. City Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)).

[8] Because Moore appears pro se and was not previously informed of the Court's denial of his hearing request, and because it is not clear he has presented his best case, the Court determines dismissal without prejudice is appropriate. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 423 (5th Cir. 2017) (dismissal of pro se complaint should be without prejudice unless "the plaintiff has been given adequate opportunity to cure the inadequacies in his pleading or if the pleadings demonstrate that the plaintiff has pleaded his best case") (cleaned up).