IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**RICHARD MOORE**                                                                                                                  **PLAINTIFF**

**V.**                                      **NO. 3:21-CV-158-DMB-JMV**

**UNION COUNTY, MISSISSIPPI,**
**et al.**                                                                                                                 **DEFENDANTS**

## ORDER

On July 16, 2021, Richard Moore filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Union County, Mississippi; Jimmy Edwards, in his official capacity as Union County Sheriff; Avery Adair and Blake Smith, in their official capacities as deputy sheriffs; Keith Roberts, in his official capacity as fire chief of Alpine Volunteer Fire Department; and Courtland Tanner Vaughn. Doc. #1. Though the basis of his claims is not entirely clear, Moore "sues under the First, Fourth, and Fourteenth Amendments" as well as under multiple statutes, and seeks declaratory and injunctive relief along with compensatory damages related to the Union County Sheriff's Office's use of an "Intelligent-Led Policing Program" or "Community Policing." *Id.* at PageID 2–3, 8.

Moore moved for an entry of default against Vaughn on May 2, 2022. Doc. #42. The Clerk of Court entered a default against Vaughn the same day. Doc. #43.

A week later, Moore moved for a default judgment against Vaughn.[1] Doc. #44. However, the motion is not accompanied by a memorandum brief as required by Local Rule 7(b)(4)[2] nor does it request that the memorandum requirement be waived. Even had Moore requested waiver

---

[1] Moore's claims against the County, Edwards, Adair, Smith, and Roberts were dismissed without prejudice on July 14, 2022. Doc. #55.

[2] The Court's Local Rules are available at https://www.msnd.uscourts.gov/forms/uniform-local-civil-rules.

of the memorandum requirement, the Court would not find waiver appropriate given the sparse and conclusory nature of the motion and the complaint's lack of clarity as to the basis of Moore's claims.

In determining whether a default judgment should be entered, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sprots Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 814 (N.D. Tex. 2015). In evaluating whether a default judgment is procedurally warranted, a court should consider (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Although Moore's motion and supporting affidavit request a default judgment and "a hearing to confer with the Judge" with respect to damages,[3] the motion does not mention the claims in the complaint or explain why a default judgment is procedurally justified beyond Vaughn's simple failure to appear. Given Moore's failure to comply with this Court's Local Rules and the deficient nature of his motion, the motion for default judgment [44] is **DENIED without prejudice**.

**SO ORDERED**, this 13th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] Doc. #44-1 at PageID 188.